UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Von Lehe, III,<br>Plaintiff,<br><br>v.<br><br>Robert Thomas Iron Design, LLC,<br>Defendant. | CASE NO.: 2:25-cv-3690-DCN-MGB<br><br>**Complaint**<br>**(Jury Trial Requested)** |

**JURISDICTION AND PARTIES**

1. This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

   b. All Notifications of the Right to Sue were received from the EEOC on or about February 7, 2025.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, John Von Lehe, III, is a citizen and resident of the State of South Carolina and resides in Berkeley County, South Carolina.

4. Defendant, Robert Thomas Iron Design, LLC, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or around December 2022, the Plaintiff began working for Defendant as a welder.

11. On or about September 11, 2023, the Plaintiff notified Defendant that he had been diagnosed with a bulging disc in his spine, and requested accommodation to be able to take breaks and sit down as need, as well as not constantly lifting overhead. Because of this condition, the Plaintiff is a person with and/or is perceived to have a serious medical condition as defined by the ADA.

12. On or about September 18, 2023, the Defendant instructed the Plaintiff to get a doctor's note releasing him to full duty and that the Defendant would not provide the requested accommodation or transfer him to another open position that could accommodate Plaintiff's disability.

13. On or about September 21, 2023, the Defendant's owner, Robert Thomas, called the Plaintiff a "Prima donna" for requesting accommodation, and then Mr. Thomas terminated Plaintiff's employment.

14. In retaliation for requesting accommodation, the Plaintiff was terminated on or about September 21, 2023.

15. Any stated reasons for Plaintiff's termination were pretextual in nature. His termination, in reality, was discriminatory on the basis of his disability and in retaliation for requesting reasonable accommodation.

16. At all times relevant to this Complaint, Plaintiff satisfactorily performed his essential and fundamental job functions.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

17. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18. The Plaintiff is an individual with and/or is perceived to have a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has and/or is perceived to have a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

19. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with and/or is perceived to have a disability who can perform the essential functions of his job.

20. As a result of his disability, the Plaintiff requested reasonable accommodation of taking breaks and sitting down as needed, and not constantly lifting over his head.

21. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

22. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

25. The Plaintiff's requested accommodation was made in good faith and constituted protected activity under the ADA.

26. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

27. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

28. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

29. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## REQUEST FOR RELIEF

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits he lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
May 1, 2025.